UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. SACV 14-01589-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On October 7, 2014, Michelle L. Johnson ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on January 12, 2015. On June 19, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 44-year-old female who applied for Social Security Disability Insurance benefits and for Supplemental Security Income benefits on August 30, 2011, alleging disability beginning December 15, 2007. (AR 11.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 15, 2007, the alleged onset date. (AR 14.)

Plaintiff's claims were denied initially on January 25, 2012, and on reconsideration on April 23, 2012. (AR 11.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Christine Long on January 17, 2013, in Orange, California. (AR 11.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 11.) Vocational Expert ("VA") Alan Boroskin and Patricia Ewing, a witness for Plaintiff, also appeared and testified at the hearing. (AR 11.)

The ALJ issued a decision on March 12, 2013, concluding that Claimant was not disabled prior to October 1, 2012, but became disabled on that date and has continued to be disabled through the date of the ALJ's decision. (AR 11.) Plaintiff challenged the ALJ's denial decision for the period prior to October 1, 2012. The Appeals Council denied review on September 4, 2014. (AR 1-3.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the consultative examiner's findings.
2. Whether the ALJ properly considered the lay witness testimony.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment

3

is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

///
///
///

4

# THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 15, 2007, the alleged onset date. (AR 14.)

At step two, the ALJ determined that since the alleged onset date of December 15, 2007, Plaintiff has had the following medically determinable severe impairments: herniated C6-7 cervical spine disc-status post cervical fusion in 2011; history of herniated L5-S1 lumbar disc-status post microdiscectomy and fusion in 2007; chronic pain syndrome; and major depressive disorder. Beginning on the established onset date of disability, October 1, 2012, Claimant has had the following severe impairments: herniated C6-7 cervical spine disc, status post cervical fusion in 2011; history of herniated L5-S1 lumbar disc, status post microdiscectomy and fusion in 2007; chronic pain syndrome; and schizoaffective disorder with history of major depressive disorder. (AR 14.)

At step three, the ALJ determined that since the alleged onset date of disability, December 15, 2007, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 14-16.)

The ALJ then found that prior to October 1, 2012, the date Plaintiff became disabled, Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 416.1567(a) and 416.967(a) with the following limitations:

> Claimant can lift and carry 10 pounds frequently and 20 pounds occasionally; can sit for 6 hours in an 8-hour workday; can stand and walk 4 hours in an 8-hour workday; must be able to alternate sitting and standing briefly for one to two minutes every 30 minutes to one hour; pushing and pulling limited to same weight as lifting and carrying; can occasionally stoop, twist, crouch, and climb stairs or ramps; occasional ladders, ropes, or scaffolds; can understand and remember simple routine tasks; can carry out short and simple instructions, may

      be detailed but not complex; can make judgments and decisions that are consistent with simple routine duties; unable to perform work with high production quotas or rapid assembly line work; and only occasional contact with co-workers and the public.

(AR 16-20.) In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here. (AR 17, 19-20.)

      At step four, the ALJ found that since December 15, 2007, Plaintiff has been unable to perform her past relevant work as a surgical technician. (AR 21-22.) The ALJ, however, also found that prior to October 1, 2012, considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could have performed, including the jobs of addresser and office document preparer. (AR 22.)

      Consequently, the ALJ found that within the meaning of the Social Security Act, Claimant was not disabled prior to October 1, 2012, but became disabled on that date and has continued to be disabled through March 12, 2013, the date of the ALJ's decision. (AR 29.)

## DISCUSSION

      The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly rejected the lay witness testimony of Plaintiff's mother as to the period prior to October 1, 2012.

      The ALJ's RFC as to the period before October 1, 2012, is supported by substantial evidence. The ALJ's nondisability determination for the period prior to October 1, 2012, is supported by substantial evidence and free of legal error.

**I.    THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

      Plaintiff contends that the ALJ failed to provide specific, legitimate reasons for rejecting the opinion of Dr. Laja Ibraheem, or germane reasons for rejecting the opinion of nurse Laura Drancea. The Court disagrees.

**A.	Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining

professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Plaintiff challenges only the mental portion of the ALJ's RFC for the period prior to October 1, 2012.  The ALJ found Plaintiff "can understand and remember simple routine tasks; can carry out short and simple instructions, may be detailed but not complex; can make judgments and decisions that are consistent with simple routine duties; unable to perform work with high production quotas or rapid assembly line work; and only occasional contact with coworkers and the public."  (AR 16.)

Plaintiff relies on the December 2011 consulting opinion of psychiatrist Dr. Laja Ibraheem, who diagnosed major depressive disorder with psychotic features.  (AR 17, 509-12.)  Dr. Ibraheem opined that the Claimant "would not be able to focus attention adequately, follow one and two part instructions in a job setting, or interact appropriately with supervisors, coworkers, and the general public on a constant basis, and would have significant difficulty being able to remember and complete even simple tasks, maintain regular attendance, or work without supervision."  (AR 17.)

The ALJ gave little weight to Dr. Ibraheem's RFC because it is "overly restrictive and inconsistent with the substantial evidence" in the record.  (AR 17.)  In particular, the

ALJ relied on the opinion of Plaintiff's pain management physician Dr. Chiwai Chan, who treated her from 2009 to 2011. (AR 17-18, 515-581.) On December 21, 2011, only one week after her visit to Dr. Ibraheem, Dr. Chan found Plaintiff to be normal, "pleasant, cooperative, without any evidence of mood disorder." (AR 18, 581.) Dr. Chan made similar observations on a monthly basis in 2009, 2010 and 2011. (AR 515-581.)

The ALJ also relied on the July 13, 2009, consulting psychiatric opinion of Dr. Ernest Bagner who opined Plaintiff only had mild limitations. (AR 14-15, 17, 481-484.) Dr. Bagner noted Plaintiff performed activities of daily living (AR 482) and "appears to have normal reality contact. There was no evidence of auditory or visual hallucinations." (AR 15, 483.) Dr. Bagner reported no evidence of paranoid or grandiose illusions. (AR 483.) He opined that, if Plaintiff takes anti-depressant medications, she should be significantly better in less than six months. (AR 15, 483.) Dr. Bagner assessed Plaintiff with zero to mild limitations in interacting with supervisors, peers and coworkers, and in maintaining concentration, and completing simple tasks, and mild to moderate limitations in completing a normal work week. (AR 15, 16, 484.)

The medical evidence also included a similar assessment in 2009 (AR 15, 468-478) from Dr. P. M. Balson, a State agency reviewer, who found no objective medical evidence of severe mental functional impairment with her depressive disorder well managed with medication. (AR 15, 478.) Also, the progress notes of Dr. Iman, Plaintiff's treating physician, rarely document abnormal findings. (AR 19.)

Further evidence supporting the ALJ's rejection of Dr. Ibraheem's opinion is the ALJ's adverse credibility determination. (AR 17, 19-20.) The ALJ properly may disregard a medical opinion based to a large extent on claimant's self-reports that have been discredited. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); Thomas, 278 F.3d at 957. The ALJ found Plaintiff to be less than credible (AR 17, 20) because the objective medical evidence prior to October 1, 2012, does not support a disabling impairment (AR 17), nor do her daily activities (AR 19), record of treatment (AR 19),

9

effective medications (AR 15), and inconsistent statements. (AR 19.) Plaintiff does not challenge the ALJ's adverse credibility finding.

Plaintiff disputes the ALJ's rejection of Dr. Ibraheem's opinion but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857. The ALJ rejected Dr. Ibraheem's opinion for specific, legitimate reasons supported by substantial evidence.

The ALJ also rejected the opinion of Laura Drancea, a nurse who began providing medications to Plaintiff in 2011. (AR 17.) She reported that Plaintiff had extreme limitations and was unable to meet competitive standards. (AR 15.) The ALJ gave little weight to Ms. Drancea's opinion (AR 15, 17) because her progress notes did not support her assessment of extreme functional limitations or even document significant findings. (AR 15.) She also rarely noted auditory or visual hallucinations. (AR 15.) The ALJ also observed that Ms. Drancea is not an acceptable medical source. (AR 15.) Plaintiff correctly contends that Ms. Drancea's opinions nonetheless should be treated as lay witness testimony that can be rejected only for germane reasons. Lewis v. Apfel, 236 F.3d 503, 511-12 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89. As noted above, however, the ALJ provided germane reasons supported by substantial evidence for rejecting Ms. Drancea's opinion. Plaintiff fails to respond to the ALJ's reasons for rejecting Ms. Drancea's opinion.

The ALJ properly considered the medical evidence.

**II. THE ALJ PROPERLY REJECTED THE LAY WITNESS TESTIMONY OF PLAINTIFF'S MOTHER**

Plaintiff contends that the ALJ improperly rejected the lay witness opinion of her mother Patricia Diane Ewing who testified at the hearing. The Court disagrees.

Ms. Ewing testified that Claimant has been living with her for about five years. (AR 18.) She testified Plaintiff is unable to do any work around the house, she tries to

cook, and do laundry, and shops only when Ms. Ewing is with her. (AR 19.) Ms. Ewing testified that, because Plaintiff is forgetful, she gives Plaintiff her medications. (AR 19.) She also testified Plaintiff drives her son to school and picks him up. (AR 19.)

The ALJ found Ms. Ewing's testimony credible as of October 2012 but not before. (AR 19.) The ALJ found that the evidence does not support Ms. Ewing's assertions that Claimant has been extremely limited since 2008. (AR 19.) In particular, Claimant herself indicated to several examining physicians in 2009 that she was capable of performing a wide variety of daily activities such as shopping, cooking, driving herself, running errands, doing household chores, and managing money. (AR 19.) Plaintiff contends that these daily activities do not prove that she can work but they do suggest that Claimant had greater functional abilities before October 1, 2012, than Ms. Ewing or Plaintiff alleges. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ also identified medical opinions and evidence from Dr. Chan, Dr. Bagner, Dr. Paulson, and Dr. Iman that Plaintiff is not psychiatrically disabled to the extent testified by Ms. Ewing. Inconsistency with medical evidence is a valid, germane reason for discounting lay witness testimony. Bayliss, 427 F.3d at 1218. The ALJ properly found that the evidence does not support Ms. Ewing's testimony. (AR 19.)

Plaintiff argues that the ALJ erred by not addressing a third party questionnaire submitted by Ms. Ewing on September 15, 2011. (AR 279-286.) Any error, however, was harmless. Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012). First, her statements in the questionnaire actually support the ALJ's credibility determination. Specifically, Ms. Ewing reported in the questionnaire that Claimant was able to engage in daily activities (AR 279-81), but she testified at the hearing Claimant is unable to do. (AR 18-29.)

Second, the information on Claimant's limitations presented by Ms. Ewing in the questionnaire also has been alleged and presented by the Claimant which the ALJ has discounted. An ALJ is not required to address lay witness statements that report the same symptoms alleged by a claimant and rejected by the ALJ. Valentine, 574 F.3d at

694 (because lay witness testimony was similar to claimant's complaints, it follows that the ALJ also gave germane reasons for rejecting the lay witness statements). Plaintiff did not challenge the ALJ's adverse credibility determination and cannot now rely on lay witness testimony of the same complaints rejected by the ALJ to resurrect the credibility of those complaints.

  The ALJ discounted Ms. Ewing's testimony prior to October 1, 2012, for germane reasons supported by substantial evidence.

* * *

  The ALJ's RFC as to the period before October 1, 2012, is supported by substantial evidence. The ALJ's nondisability determination for the period prior to October 1, 2012, is supported by substantial evidence and free of legal error.

## ORDER

  IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: August 6, 2015      */s/ John E. McDermott*
                 JOHN E. MCDERMOTT
               UNITED STATES MAGISTRATE JUDGE